# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **John Doe** )<br>)<br>)<br>   **Movant,** )<br>v. )<br>)<br>)<br>)<br>**Interamerican Consulting, Inc.** )<br>)<br>   **Respondent.** )  | CIVIL ACTION FILE NO.<br>**1:22-mi-00072-JPB-CMS**<br>Related to *PDV USA, Inc. v.*<br>*Interamerican Consulting, Inc.*, No.<br>20-cv-3699 (S.D.N.Y) |

___

## RESPONDENT'S RESPONSE IN OPPOSITION TO MOTION
## TO QUASH SUBPOENA AND SUPPLEMENTAL MOTION TO QUASH

Respondent Interamerican Consulting, Inc. ("Respondent" or "Interamerican") responds in opposition to the Motion to Quash A Subpoena to Testify in A Civil Action (the "Motion") and Supplemental Motion to Quash ("Supplemental Motion") filed by Movant ("Movant" or "Mr. Doe")[1] and states as follows:

---

[1] Interamerican disagrees with the contention that concealing the identity of Mr. Doe, who is a United States citizen living in the United States, is properly the subject of a sealing order. Nevertheless, out of an abundance of caution, Interamerican refers to Movant throughout and in the style of the case as Mr. Doe, and has redacted its exhibits accordingly.

## I.     INTRODUCTION

Mr. Doe is a foreign trained attorney who formerly served as a legal advisor to Citgo Petroleum Corporation ("Citgo") and was one of several individuals involved in negotiating the March 21, 2017 *Consulting Agreement* (the "Contract") at the heart of a contractual dispute currently pending in the Southern District of New York (*PDV USA, Inc. v. Interamerican Consulting, Inc.*, No. 20-cv-3699 (S.D.N.Y). As a former legal advisor to Citgo, he assisted in managing PDV USA—the actual signatory to the Contract—in 2017, and clearly maintains a loyalty to PDV USA, the Plaintiff in the New York action.

Notwithstanding his key role in the litigation, PDV USA virtually ignored Mr. Doe until August 2022—nearly two years into the lawsuit—when it sought to amend the operative complaint and made unfounded allegations about his supposed discomfort with the Contract. When Interamerican originally elected not to depose Mr. Doe because there was no documentary evidence to support to PDV USA's new allegations, PDV USA, who had been well aware of Mr. Doe for years, served Mr. Doe with a deposition on written questions on November 1, 2022—over two years into the litigation and just over two weeks before discovery is scheduled to close, on November 18, 2022. Given the inherent concerns associated with written depositions, including the inability to ask to follow up questions, Mr. Doe's obvious

loyalty to PDV USA, and the extreme disfavor with which the law views such depositions, Interamerican served Mr. Doe with a Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena"). *See* Subpoena to Mr. Doe, attached hereto as Ex. A.

Mr. Doe is already scheduled to appear on November 17, 2022, for his written deposition. Counsel for Mr. Doe has maintained that his primary concern has been to minimize any burden that would be imposed on Mr. Doe's time. Accordingly, once Interamerican learned that Mr. Doe would have availability on November 17, Interamerican amended its subpoena to take Mr. Doe's oral deposition at the same time he is scheduled to give his deposition by written questions (the "Amended Subpoena"). *See* Amended Subpoena to Mr. Doe, attached hereto as Ex. B. Interamerican also removed its request for documents. *See id.* Interamerican subsequently made clear that it only expected Mr. Doe to appear for an oral deposition on November 17. *See* November 12, 2022 Email Exchange, attached hereto as Ex. C.

Interamerican's good faith efforts to depose Mr. Doe have thus far been in vain. Mr. Doe has continued to refuse to appear as directed, claiming that he will somehow be prejudiced by having to appear for an oral deposition on November 17, when it is evident that he is available to testify on that very same day. The

information sought by Interamerican is wholly relevant to this action, and none of the objections raised by Mr. Doe preclude enforcement of the Amended Subpoena.[2]

## II. BACKGROUND

This case arises from a breach of contract dispute between PDV USA and Interamerican. Citgo Petroleum Corporation ("Citgo") was interested in hiring Interamerican, a Florida-based consulting company founded by former U.S. Congressman David Rivera, to develop a strategic plan to create a separate and distinct identity in the United States from its ultimate parent, Petroleos de Venezeula, S.A. ("PDVSA")—an oil and natural gas company controlled by the Bolivarian Republic of Venezuela. (*See* PDV USA v. Interamerican Consulting, Inc., Case No. 20-cv-3699, (S.D.N.Y.), Doc. 111 at 19).[3] To entice Interamerican to accept the engagement, Citgo offered to pay Interamerican consulting fees of $50 million—a reasonable fee given the billions in dollars of oil revenues at stake. (*Id.*). PDV USA paid Interamerican $15 million of the total sum due under the Contract prior to the expiration of the contract in June 2017. (*Id.* at 20). Discovery has shown that PDV

---

[2] Mr. Doe's efforts to avoid this subpoena are hardly surprising. Since conversations with his counsel have commenced, it has become apparent that Mr. Doe is coordinating this effort with counsel for PDV USA. Indeed, Mr. Doe and PDV USA's corporate representative are represented by the same attorney.

[3] Docket citations refer to *PDV USA v. Interamerican Consulting, Inc.*, Case No. 20-cv-3699, which is currently pending in the Southern District of New York.

4

USA lacked sufficient funds to continue paying Interamerican and intended to assign the contract to its parent, PDVSA, to pay the outstanding sum due on the Contract.

Nearly three years after the contract expired, PDV USA originally brought this lawsuit, alleging that Interamerican never performed and, in the alternative, that the Contract was a sham. Neither PDV USA's original complaint nor its Amended Complaint made any mention of Mr. Doe. (*See* Docs. 1 and 25). It was not until August 19, 2022—nearly two years into this lawsuit—that PDV USA sought leave to file its Second Amended Complaint when it first raised Mr. Doe's involvement and alleged concern about the Contract. (*See* Doc. 97). PDV USA alleged that Mr. Doe, among other Citgo employees, "felt highly uncomfortable with maintaining the [Contract]" and "identified a number of red flags"—a surprising allegation, given that none of the documents produced by PDV USA suggest that Mr. Doe was even remotely concerned with the Contract. PDV USA ultimately filed its Second Amended Complaint on September 6, 2022. (*See* Doc. 104 at 19-20).

To address the myriad of new allegations raised by PDV USA—including those relating to Mr. Doe—the Court extended the discovery deadline until November 18, 2022. (*See* Docs. 107 and 108). Interamerican initially believed that it would have to depose Mr. Doe and began conferring with counsel for Mr. Doe on arranging a possible deposition. Counsel for Mr. Doe initially agreed to accept

service of a subpoena for an oral deposition and reiterated throughout the conferral process that his primary concern was to limit the time commitment imposed on Mr. Doe. *See e.g.*, October 27, 2022 Email Exchange, attached hereto as Ex. D. After a careful review of the documents produced by PDV USA and cognizant of the burden that subjecting a third-party to discovery in this lawsuit would impose, Interamerican determined that deposing Mr. Doe would not be necessary given the complete absence of any documents suggesting that Mr. Doe was ever uncomfortable with the Contract or that he had raised red flags.

Within days of learning that Interamerican did not intend depose Mr. Doe, and just weeks before the close of discovery, PDV USA for the very first time over two years since this lawsuit has been pending sought to depose Mr. Doe by written questions. *See* Notice of Deposition, attached hereto as Ex. E. Given the inherent concerns associated with written depositions, Interamerican was forced to seek Mr. Doe's oral deposition testimony and served his counsel with a subpoena on November 4, 2022. Interamerican subsequently learned that Mr. Doe would appear on November 17, 2022, for his deposition on written questions and served an amended subpoena for oral testimony on November 11, 2022, in a good faith effort to limit a burden on Mr. Doe's time. Notwithstanding Interamerican's good-faith efforts to accommodate Mr. Doe, he has continued to refuse to comply with the

subpoena and indicated he will only sit for the written deposition served on him by PDV USA.

## III.    ARGUMENT

**A.  Mr. Doe's Deposition Testimony is Properly the Subject of a Federal Subpoena.**

As stated above, Plaintiff now claims Mr. Doe is a key witness in this case. Plaintiff's allegations indicate he facilitated the day-to-day management of the Contract and was involved in its negotiation. Accordingly, his testimony falls squarely within the ambit of discoverable materials under the Federal Rules of Civil Procedure, and Interamerican should be entitled to his oral testimony. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."); *see also Leve v. Gen. Motors Corp.*, 43 F.R.D. 508, 511 (S.D.N.Y. 1967) ("Plaintiff does have the right, however, to take the oral deposition of a party or witness before trial.").

**B.  None of the Objections Raised by Mr. Doe Warrant Quashing the Subpoena.**

Mr. Doe does not dispute that he is in possession of information relevant to this litigation.  Rather, he devotes his motion largely to arguing that compliance with this subpoena would be unduly burdensome and raises a series of technical

deficiencies—none of which preclude enforcement of this subpoena. Interamerican addresses each in turn.

    1.    *The Subpoena Affords Mr. Doe Reasonable Time to Comply.*

Interamerican served its original subpoena for an oral deposition of Mr. Doe on November 4, 2022. Although Interamerican originally set Mr. Doe's deposition for November 14, 2022, it has since modified the date for compliance, pushing it back to November 17, 2022. Rule 45 "does not specify what constitutes a reasonable time to comply." *Minor I Doe through Parent I Doe v. School Bd. for Santa Rosa Cty., Fla.*, No. 3:08-cv-361-MCR-EMT, 2009 WL 10674249, at *2 (N.D. Fla. Nov. 23, 2009). "[C]ommon sense dictates that reasonableness is determined in relation to the extent of the materials requested and other underlying circumstances in the case." *Id.*

Interamerican seeks to conduct a brief, remote deposition 13 days after the subpoena was originally served. Mr. Doe has had more than adequate time to respond the Subpoena and raise his objections. There can be no serious argument that Mr. Doe has had inadequate time to comply. *See, e.g.*, *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-MD-2885, 2020 WL 6274824, at *7 (N.D. Fla. Oct. 26, 2020) (subpoena requiring brief deposition more than one week after service date was not unreasonable).

Finally, none of the cases on which Mr. Doe relies support his position. All of those cases involve instances in which a party was given insufficient time to produce documents. Here, by contrast, Interamerican is simply seeking to depose Mr. Doe to gather critical testimony related to this case.

  2. *Interamerican's Failure to Tender a Witness Fee Is Not Prejudicial.*

Mr. Doe also objects to Interamerican's failure to attach a witness fee as a basis to quash the Subpoena. This argument does not warrant quashing of the subpoena. Although Interamerican concedes that Rule 45(b)(1) requires tendering a witness and mileage fee, Mr. Doe cannot show any prejudice that will arise from this failure. First, Mr. Doe's deposition will be remote, meaning no mileage fee is required. Second, Interamerican intends to depose Mr. Doe at the same place he will appear for his written deposition. Finally, to the extent this Court believes Interamerican must tender a witness and mileage fee, Interamerican is prepared to tender the fee to be in full compliance with Rule 45(b) at the deposition. *See, e.g.*, *Pride Fam. Brands, Inc. v. Carls Patio, Inc.*, No. 12-21783-CIV, 2013 WL 4647216, at *8 (S.D. Fla. Aug. 29, 2013) (permitting plaintiff to depose fact witness, where plaintiff failed to attach witness fee, but requiring plaintiff to serve subpoena with witness fee); *Chiles v. Novartis Pharms. Corp.*, No. 3:06-CV-96-J-25 JBT, 2013 WL

9

12157928, at *2 (M.D. Fla. Feb. 15, 2013) (denying motion to quash and requiring plaintiff to tender witness and mileage fees).[4]

    3.    *The Subpoena Does Not Seek Testimony about a Privileged Matter.*

Next, Mr. Doe misstates his own role in the underlying litigation in claiming that the Subpoena seeks testimony related to a privileged matter. Although Mr. Doe may have engaged in certain privileged communications while he was in his role at Citgo, he engaged in extensive non-privileged communications with Interamerican relevant to the litigation. Indeed, many of the non-privileged documents produced by PDV USA evince that Mr. Doe was heavily involved in the coordination and day-to-day management of the Contract, including communications and negotiations with Interamerican. Mr. Doe's communications with third parties are not privileged and are readily discoverable. *See Gamache v. Hogue*, No. 1:19-CV-21 (LAG), 2022 WL 989483, at *5 (M.D. Ga. Mar. 30, 2022) ("Typically, the attorney-client privilege is 'readily waived by disclosure to a third party.'") (quoting *Rome v.*

---

[4] As an alternative to the drastic remedy of quashing the subpoena, this Court may award leave to Interamerican to conduct its cross-examination on PDV USA's written subpoena orally. *See Winograd Bros. v. Chase Bank*, 31 F. Supp. 91, 91 (S.D.N.Y. 1939) ("The plaintiff served notice that it would take the depositions of some seven witnesses in China on written interrogatories. The defendant then moved for leave to cross-examine the witnesses orally on the taking of the depositions. The circumstances of the case are such that the defendant should have such leave.") (citation omitted).

*Hotels.com, L.P.*, No. 4:05-CV-249-HLM, 2012 WL 13024577, at *3 (N.D. Ga. Feb. 3, 2012)).

  4. *The Subpoena is Not Unduly Burdensome.*

Finally, Mr. Doe raises a series of arguments suggesting that the Subpoena is unduly burdensome. First, Mr. Doe claims that he will be unduly burdened because he is unavailable during the one work week between service and the date of deposition. This argument is misplaced. Counsel for Mr. Doe has already made clear that Mr. Doe is available on November 17, 2022 to be deposed, as also evidenced by his agreement to sit for PDV USA's deposition on written questions. Next, Mr. Doe claims that the Subpoena is unduly burdensome because it will subject him to two depositions in a single week. Mr. Doe, however, neglects to mention that Interamerican simply seeks to conduct its oral deposition on the same day that the deposition by written question is conducted. This would obviate the need for Interamerican to serve any questions for cross-examination with regard to the written deposition and actually lessen the burden imposed by the written examination.[5]

---

[5] Mr. Doe's remaining arguments are directed to the request for documents, which request has since been removed. Accordingly, these arguments are moot and need not be addressed.

11

> 5. *Interamerican Did Not Prejudice Mr. Doe by Amending Its Subpoena on November 11, 2022.*

Mr. Doe also incorrectly claims that Interamerican's amendment to its original subpoena on November 11, 2022, is somehow prejudicial. His arguments are again misguided. Contrary to Mr. Doe's characterization of the Amended Subpoena, Interamerican has made clear that it *does not* (and never did) expect Mr. Doe to appear on November 14, 2022. *See* Ex. C; see also November 11, 2022 Email Exchange, attached hereto as Ex. F. As Interamerican reiterated to counsel for Mr. Doe, it simply amended the subpoena so that Mr. Doe could appear at the same location and on the same date as his written deposition. This was to accommodate Mr. Doe's time constraints. Moreover, as stated above, this would eliminate the need to serve written questions by cross-examination and actually ease the burden on Mr. Doe.

**C. Limiting Interamerican to Deposing Mr. Doe by Written Question Would Severely Prejudice Interamerican.**

Limiting Interamerican to cross-examining Mr. Doe by written question would be unfairly prejudicial, particularly in light of PDV USA's twelfth-hour amendment alleging for the first time that Mr. Doe is a key witness. Although there are limited circumstances in which a deposition by written question is appropriate, such depositions "are rarely, if ever, used in modern litigation." *Fid. Int'l Currency*

*Advisor a Fund, LLC v. United States,* No. CV 05-40151-FDS, 2007 WL 9412764, at *3 (D. Mass. May 23, 2007). "[P]roceeding on written interrogatories denies . . . counsel the opportunity to ask follow-up questions, observe the witness's demeanor, or evaluate his credibility." *P.H. Int'l Trading Co. v. Christia Confezioni S.p.A.*, No. 04 C 903, 2004 WL 2538299, at *1 (N.D. Ill. Sept. 24, 2004) (citation omitted). Such depositions are especially problematic when dealing with an adverse or unfriendly witness. *See Antolini v. McCloskey*, No. 119CV09038GBDSDA, 2021 WL 4596522, at *2 (S.D.N.Y. Oct. 6, 2021) ("As a general rule, a deposition by written questions is inappropriate for an adverse witness.") (citation omitted).

Here, Mr. Doe's conduct has made clear that his interests are adverse to those of Interamerican. Despite initially representing that he would be willing to consent to a deposition, he is now seeking to avoid accountability for his role in negotiating and managing the Contract. Moreover, after previewing his testimony with counsel, it is clear that he largely intends to minimize his involvement in the Contract—despite clear documentary evidence that he was well aware of both the purpose of the Contract and the services Interamerican rendered under it. *See Jones v. Hollenback*, No. 05-CV-00148 (OWW) (DLB), 2006 WL 8458647, at *4 (E.D. Cal. Feb. 8, 2006) ("The written question format provided by Rule 31 does not permit the follow up questions necessary when dealing with an adverse witness nor does it

allow the attorney to observe the demeanor of the witness to assess her credibility and presentation. Indeed, depositions upon written questions are likely only appropriate when dealing with neutral or 'friendly' witnesses, clearly not the situation before the court.").

In light of the role PDV USA claims Mr. Doe played in the formation and negotiation of the contract at issue in the litigation, restricting Interamerican to a deposition upon written questions is highly prejudicial. *See id*. Moreover, as detailed above, Mr. Doe has already made himself available on November 17 and Interamerican has eliminated its request that Mr. Doe produce any documents. Analyzing these competing interests demonstrates that granting Mr. Doe's motion to quash would be highly prejudicial to Interamerican, while denying the motion an allowing Interamerican to conduct a brief remote deposition would require little additional time and effort from Mr. Doe.

**D.   Mr. Does is Not Entitled to Attorneys' Fees Under Federal Rule of Civil Procedure 45(d)(1).**

Mr. Doe incorrectly argues that he is entitled to fees because Interamerican has failed to take reasonable steps to avoid imposed an undue burden on Mr. Doe. Nothing could further from the truth. As stated repeatedly, Interamerican has amended its Subpoena specifically to accommodate Mr. Doe's time constraints,

removed its document requests, and is prepared to depose Mr. Doe at a location and time convenient to him.

## IV.  CONCLUSION

For the foregoing reasons, this Court should deny Mr. Doe's Motion to Quash.

Respectfully submitted this 15th day of November, 2022.

**PARKER, HUDSON, RAINER & DOBBS LLP**

*/s/ Erik J. Badia*
Scott E. Zweigel
Georgia Bar No. 786616
Erik J. Badia
Georgia Bar No. 327905
303 Peachtree Street, N.E., Suite 3600
Atlanta, Georgia 30308
Telephone:  404-523-5300
Facsimile:  404-522-8409
E-mail:  szweigel@phrd.com
         ebadia@phrd.com

*Local Counsel for Respondent Interamerican*

**BYRD CAMPBELL, P.A**.

*/s/ Jason W. Johnson*
**Tucker H. Byrd**
Florida Bar No. 381632
(*application pro hac vice forthcoming*)
**Jason Ward Johnson**
Florida Bar No. 186538
(*application pro hac vice forthcoming*)
**Andrew Domingoes**

15

Florida Bar No. 1010448
(*application pro hac vice forthcoming*)
180 Park Avenue North, Suite 2A
Winter Park, Florida 32789
Telephone: (407) 392-2285
Facsimile: (407) 392-2286
Email: TByrd@ByrdCampbell.com
       JJohnson@ByrdCampbell.com
       ADomingoes@ByrdCampbell.com

*Counsel for Respondent Interamerican*

**KAISER, SAURBORN & MAIR PC**

Henry L. Saurborn, Jr.
30 Broad St., 37th Floor
New York, New York 10001
Telephone: (212) 338-9100
saurborn@ksmlaw.com
*Counsel for Respondent Interamerican*

## **CERTIFICATE OF COMPLIANCE**

In compliance with LR 7.1D, N.D. Ga., I certify that the foregoing **RESPONDENT'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENA AND SUPPLEMENTAL MOTION TO QUASH** has been prepared in conformity with LR 5.1, N.D. Ga., with Times New Roman (14 point) type, with a top margin of one and one-half (1 ½) inches and a left margin of one (1) inch.

This 15th day of November, 2022.

*/s/ Erik J. Badia*
Erik J. Badia

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing **RESPONDENT'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENA AND SUPPLEMENTAL MOTION TO QUASH** upon all parties to this matter by electronically filing a copy of same with the Court's CM/ECF system, which will automatically send an electronic copy to all counsel of record.

This 15th day of November, 2022.

> */s/ Erik J. Badia*
> Erik J. Badia